**WO**                                                                                                                          RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lori Elaine Solano, | ) | No. CV-06-414-PHX-MHM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| MCSO Staff, | ) | |
| Defendant. | ) | |

      Lori Elaine Solano (Plaintiff), formerly confined in the Maricopa County Estrella Jail in Phoenix, Arizona (Estrella Jail), filed with the Clerk of the Court on February 7, 2006 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint).  This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

      Plaintiff has not paid a filing fee, but she has filed an uncertified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed)

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

- 1 -

with her Complaint.

**RETURNED MAIL**

On February 9, 2006, the Court filed a "Notice Of Assignment" (Document #2) (Notice), which assigned this action to the undersigned Judge. A copy of the Notice was mailed by the Clerk of Court to Plaintiff at her last known address at the Estrella Jail. On February 21, 2006, the envelope containing the copy of the Notice was returned to the Clerk of the Court with the notations "Returned To Sender Attempted - Not Known Unable To Forward" and "Rel." Since then, Plaintiff has failed to file a Notice of Change of Address, or to in any way notify the Court of her whereabouts. Accordingly, the Clerk of the Court has been unable to remail the copy of the Notice to Plaintiff.

Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

Also, in its Notice the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Notice at 1).

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court appraised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address." Carey v.

1  King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
2  her new address constitutes failure to prosecute.
3      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
4  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
5  move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
6  (1962), the Supreme Court recognized that a federal district court has the inherent power to
7  dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)
8  of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
9  in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
10 without notice or hearing. Id. at 633.
11     In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
12 the Court must weigh the following five factors: "(1) the public's interest in expeditious
13 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
14 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
15 availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v.
16 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
17 imposition of sanctions in most cases, while the fourth factor cuts against a default or
18 dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
19 Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).
20     Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
21 to keep the Court informed of her address prevents the case from proceeding in the
22 foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor
23 requires the Court to consider whether a less drastic alternative is available. Without
24 Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in
25 Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing
26 sanctions would only find itself taking a round trip tour through the United States mail." 856
27 F.2d at 1441.
28

1  The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that the "Civil Rights Complaint By A Prisoner" (Document #1) and this action are DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Clerk of the Court is DIRECTED to ENTER JUDGMENT accordingly.

DATED this 16th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $250.00 for a civil action. If you later file an appeal, you will be obligated to pay the $255.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 2/7/05

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, Plaintiff, | ) ) ) ) | CASE NO. _____ |
| vs. | ) ) ) ) | APPLICATION TO PROCEED *IN FORMA PAUPERIS* BY A PRISONER |
| _____, Defendant(s). | ) ) ) | CIVIL (NON-HABEAS) |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?  ☐Yes  ☐No   If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?  ☐Yes  ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the source and amount of the payments. _____
   _____

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where

you are confined? ☐Yes ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____
_____
_____

I declare under penalty of perjury that the above information is true and correct.

_____            _____
        DATE                              SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

   I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
   My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
   (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
   (B) the average monthly balance in my account for the six-month period preceding my filing of this action.
   My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____            _____
        DATE                              SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

   I, _____, certify that as of the date applicant signed this application:
        (Printed name of official)
The applicant's trust account balance at this institution is:         $_____
The applicant's average monthly deposits during the prior six months is:   $_____
The applicant's average monthly balance during the prior six months is:    $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE      AUTHORIZED SIGNATURE      TITLE/ID NUMBER      INSTITUTION

Revised 2/7/05                           2